UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY F. RANDAZZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:11CV82 NAB |
| ) | |
| MISSOURI DEPT. OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1006465), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd, 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff, an inmate at Western Missouri Correctional Center, brings this action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that the Missouri Department of Corrections ("MDOC") and Moberly Correctional Center acted with deliberate indifference and in violation of the Eighth Amendment of the United States Constitution when he slipped on wet tiles in the shower area at Moberly and fell and injured his back.

## Discussion

A "slip and fall," without more, does not amount to cruel and unusual punishment.  Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.  E.g., Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases); see also, LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (quotation omitted); Denz v. Clearfield County, 712 F.Supp. 65, 66 (W.D.Pa.1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F.Supp. 1215, 1216-17 (N.D.W.Va.1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); Robinson v. Cuyler, 511 F.Supp. 161, 162, 163 (E.D.Pa.1981) (finding no Eighth Amendment violation based on slippery floor in prison kitchen);

Tunstall v. Rowe, 478 F.Supp. 87, 88, 89 (N.D.Ill.1979) (finding no Eighth Amendment violation based on greasy prison stairway); Snyder v. Blankenship, 473 F.Supp. 1208, 1209, 1212-13 (W.D.Va.1979) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen).  As such, plaintiff's complaint fails to state a claim for a constitutional violation and he cannot maintain an action pursuant to 42 U.S.C. § 1983.

Even if plaintiff could state a constitutional violation based on the facts in this case, his allegations against MDOC and Moberly Correctional Center would fail to state a claim. MDOC is not a "person" subject to § 1983 suit. E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "person" subject to § 1983 suit).  And a suit against Moberly is, in effect, a suit against the State of Missouri.  The State of Missouri, however, is absolutely immune from liability under § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of December, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE